[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant comes to this court with a Motion to Strike moving to strike the amount in demand in the plaintiff's complaint.
The State of Connecticut is the defendant. The plaintiff is granted permission to sue the State of Connecticut pursuant to order issued July 19, 1989 by Edward J. Daly, Jr., then Commissioner of the Office of Claims Commission. It is the defendant's present claim that the original claim filed with that Commission was for a sum of $10,000. The defendant further claims because the State has sovereign immunity and the plaintiff's permission to sue is given only by virtue of that granted by the Commission "that the plaintiff would be held to the amount of his original request" and not open ended for "not less than fifteen thousand dollars ($15,000)," as requested in the Statement of Amount on Demand as attached to the original complaint.
In the document entitled "In The Matter of A Claim Against the State of Connecticut by Richard Moson," which contains the "Finding and Order" of Commissioner Edward J. Daly, there is no mention of the amount of the claim nor limit imposed. The finding merely states that the plaintiff claims while walking backwards he slipped and fell, while making a pick-up at Bradley International Airport.
In response to the request for permission to sue, the Commissioner ordered that the plaintiff have "Permission to Sue the State of Connecticut
The issue that the defendant now raises may become at a later time material and relevant. At this junction it is not.
The Pleading and the demand no longer go to the jury. If the defendant should prevail on verdict or in the event the plaintiff's recovery is less than $10,000, the issue raised is moot.
Plaintiff's case is not going to be handled or tried differently because of the fact that the amount in demand now reads not less than $15,000 in place of amount of demand of CT Page 8578 $10,000 or less.
In the event the plaintiff were to recover a verdict in excess of $10,000 the court at that time can, if it feels the law requires the same, reduce the judgment to $10,000.
If the trial court were to determine that said remittitur were not appropriate the verdict would stand. If the matter were to be appealed to a higher court, whatever that higher court decision may be the matter would not require retrial.
There is no binding precedent. Judicial economy persuades this court to take this approach. Motion is denied.
JOHN F. WALSH, J.